AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of        Delaware

UNITED STATES OF AMERICA

V.

Robert Cottman
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR07-25-UNA.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by      clear and convincing evidence     a preponderance of the evidence: The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community for the following reasons:

1. The evidence against defendant is substantial. When the vehicle in which defendant was located was stopped, defendant gave a fictitious name and planned to produce a fictitious ID of Bryant or Brian Cottman. This shows that defendant was aware of outstanding capiases including a warrant for VOP. The search of defendant produced a large amount of currency. A subsequent administrative search of defendant's home produced two weapons and boxes of ammo for those weapons. Defendant claims that he found all in an alley near his home and was keeping them for protection for his mother. Interestingly, some of the weapons and ammo were found under a mattress.
2. Defendant recently started employment after his disability stopped. A letter was received confirming that he has been working in his own business and gets referrals from Flannigan & Sons for skilled labor work..
3. Essentially defendant admitted to having the weapons and ammo. At the time of his arrest, he was on state supervision.
4. Defendant has 4 children, and although it is claimed that he is a loving father and is there for his kids, the state has been pursuing him for failure to support since it has been the state who has provided support for the children while defendant is on disability.
5. defendant has a significant criminal history beginning in 1991 with juvenile delinquency findings. IN 1997 he was found guilty of ppossession with intent to deliver and in 2003 for possession of drug paraphernalia. In 2005 he was found guilty of criminal impersonation and resisting arrest and was found in VOP for that charge. At the time of his arrest, there were 3 outstanding capiases for failure to appear in Family Court, failure to appear at a probation sentencing and another failure to appear in Family Court– these three capiase were issued in 2006. In addition, his past history shows that defendant has 19 capiases for failure to appear in various court in DE for various offenses – not all were related to fines or financial appearance reasons.

FILED MAR 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 6, 2007 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).