IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-25-JJF |
| | : | |
| ROBERT COTTMAN, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

Defendant, Robert Cottman, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about February 18, 2007, including all statements made subsequent to the illegal search.

In support of this motion, Mr. Cottman avers as follows:[1]

1. On February 17, 2007, Wilmington Police Department officers were patrolling in the area of 4th and Clayton Streets. While at this intersection, officers observed a case informant's vehicle, and knew that this individual had a suspended or revoked driver's license. The officers conducted a traffic stop of the vehicle.

2. After approaching the vehicle, officers observed Mr. Cottman sitting in the passenger seat.

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from the discovery. Although Mr. Cottman cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officers. Mr. Cottman submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

Specifically, Officer Dupont asked Mr. Cottman for his identification. Mr. Cottman stated that he did not have his identification, and that his name was "Bryan Cottman." As Officer Dupont checked this name through the DELJIS system, he observed Mr. Cottman reach inside of his right back pocket and retrieve his wallet. Mr. Cottman allegedly removed his identification from his wallet and attempted to conceal it under his right leg.

3. Officer Dupont recovered the identification and found out that Mr. Cottman's name was not "Bryan," but rather, "Robert V. Cottman, III." Officer Dupont conducted a DELJIS inquiry and discovered that Mr. Cottman, who was on probation for a prior felony conviction, was wanted for violation of probation and two family court capiases. Mr. Cottman was removed from the vehicle and taken into custody. Officer Dupont contacted Mr. Cottman's probation supervisor to authorize an administrative search.

4. On February 18, 2007, the Delaware State Probation and Parole officers, along with members of the Wilmington Police Department, conducted an administrative search at Mr. Cottman's address of record. When officers arrived at the residence, they contacted Beverly Cottman, Mr. Cottman's mother. Mr. Cottman and his mother sat in the living room while the officers conducted the search.

5. During the search, Delaware State Probation officers found three boxes of ammunition in Mr. Cottman's bedroom, and a Delaware Family Court Civil Notice. According to officers, Mr. Cottman stated that he had found the ammunition outside of his house and brought it in "to get them away from my house."

6. Officers also found a firearm under Ms. Cottman's bed, and a firearm inside of a gym bag in a first floor storage room. The gym bag also contained empty plastic baggies bearing various

2

logos.  The officers asked Ms. Cottman about the firearm, and Mr. Cottman allegedly responded that

he found the gun outside and put it in his mother's room for protection.  After Mr. Cottman

overheard the officers locate the second gun, he allegedly stated to his mother, "they got the bag."

Mr. Cottman also allegedly stated that he found the second gun in an alley.  The officers prepared a

Criminal Complaint for Mr. Cottman, and took him to police headquarters.

7.  On February 27, 2007, Mr. Cottman was indicted for being a felon in possession of a

loaded firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being a felon in possession

of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924 (a) (2).

8.  The Fourth Amendment protects "the right of the people to be secure in their persons,

houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST.  Amend.

IV.  "A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement

that searches be 'reasonable.'" Griffin v. Wisconsin, 483 U.S. 868, 873 (1987) (citation omitted).

Although searches must generally be conducted pursuant to a warrant, the Supreme Court has

permitted exceptions "when special needs, beyond the normal need for law enforcement, make the

warrant and probable cause impracticable."  Id., citing New Jersey v. T.L.O, 469 U.S. 325, 351

(1985).

9.  A State's operation of a probation system meets the "special needs requirement," and

probationers have "conditional liberty properly dependent on observance of special [probation

restrictions]."  Griffin, 482 U.S. at 873-74.  Accordingly, "probation officers may search a

probationer's residence based on a reasonable suspicion that the probationer is engaged in criminal

activity therein."  United States v. Bowers, No. CRIM.A 04-133 JJF, 2005 WL 1979142, at *3

(D.Del. Aug, 15, 2005).

10. In <u>Bowers</u>, the court summarized the Supreme Court's reasonable suspicion standard, and explained:

> Generally, for a suspicion to be reasonable, an officer must be able to articulate specific facts that support the suspicion, and thus, justify the intrusion. 'Anything less would invite intrusion upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches.' In evaluating whether a particular search was reasonable, 'it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure 'warrant a man of reasonable caution in the belief that the action taken was appropriate?'

<u>Id.</u> at *4 (citations omitted).

11. In this case, the officers did not have reasonable suspicion to conduct the administrative search of Mr. Cottman's home. The officers had no information indicating that Mr. Cottman was involved in any illegal criminal activity. Instead, the officers, after learning Mr. Cottman's true identity, discovered that he had violated probation and had two capiases for family court violations. This information alone does not support the administrative search for suspicion of criminal behavior, and thus, is a violation of Mr. Cottman's Fourth Amendment rights.

12. Mr. Cottman also submits that any alleged statements made during, or subsequent to, his illegal search and seizure should be suppressed pursuant to the Fifth Amendment and <u>Miranda v. Washington</u>, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement); <u>see also</u> <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963) (stating that evidence from an illegal search must be suppressed in accordance with the "fruit of the poisonous tree doctrine").

13. Mr. Cottman reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Cottman respectfully submits that this Court conduct a hearing to

further develop the facts related to this motion and enter an Order suppressing the Government's use

of any and all evidence illegally seized by law enforcement officials on or about February 18, 2007,

including all statements made subsequent to the illegal search.


Respectfully Submitted,


 /s/ _____
        EDSON A. BOSTIC
Federal Public Defender

TIEFFA N. HARPER
Research & Writing Attorney

Attorneys for Robert Cottman


FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE   19801
(302) 573-6010

Dated: April 27, 2007

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that the attached motion of Defendant, Robert Cottman is

available for public viewing and downloading and was electronically delivered on April 27, 2007 to:

Robert J. Prettyman, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE   19801

Respectfully Submitted,

/s/ _____

EDSON A. BOSTIC
Federal Public Defender

TIEFFA N. HARPER
Research & Writing Attorney

Attorneys for Robert Cottman

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE   19801
(302) 573-6010

Dated: April 27, 2007

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    :
    :
    Plaintiff,    :
    :
    v.    :    Criminal Action No. 07-25-JJF
    :
ROBERT COTTMAN    :
    :
    Defendant.    :

## <u>ORDER</u>

**AND NOW**, this \_\_\_\_ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department and Delaware State Probation and Parole on February 18, 2007, and statements made by the Defendant to law enforcement officials on February 18, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge