*filed in open court this 30th day of July, 2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-25-JJF |
| | ) |
| ROBERT COTTMAN, III, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert J. Prettyman, Assistant United States Attorney for the District of Delaware, and the defendant, Robert Cottman, III, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One, Two and Three of the Indictment in the above case. Counts One and Two charge the defendant him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Three charges the defendant him with being a felon in possession of ammunition, also in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Each count carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, three years supervised release, or any or all of the above, and a $100 special assessment. If accepted by the Court, this shall be a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2), by which the defendant reserves the right to appeal the adverse determination of his amended suppression motion, Docket Item 14 in the above case. If the defendant prevails on direct appeal of any adverse determination of his amended suppression motion, Docket Item 14, by the District Court, the defendant may withdraw his guilty plea to Counts One, Two and Three of the Indictment.

2. The defendant understands that if the case proceeded to a trial, the Government would have to prove three elements for each of the offenses – (1) that on or about February 18, 2007, he knowingly possessed a firearm, that is a .22 caliber Rossi revolver in Count One, and a Smith and Wesson semi-automatic pistol in Count Two, and ammunition, that is, 3 boxes of .22 caliber Remington ammunition in Count Three; (2) he had previously been convicted of a felony crime punishable by more than one year's imprisonment in the Superior Court in and for New Castle County, Delaware, Criminal Action Number IN97051195; and (3) the firearm or ammunition in the respective count of the indictment affected interstate or foreign commerce, that is, that the firearm or ammunition in the respective count had previously crossed state lines or entered the United States from another country. The defendant knowingly, voluntarily and intelligently admits his guilt to those three elements of these offenses and to Counts One, Two and Three of the Indictment in the above case and knowingly, voluntarily and intelligently desires to resolve this prosecution by pleading guilty to Counts One, Two and Three of the Indictment in accord with the provisions of this Memorandum of Plea Agreement.

3. The defendant agrees to forfeit all interests in the firearms and ammunition involved in the violations alleged in Counts One, Two and Three of the Indictment, to wit, the .22 caliber Rossi revolver loaded with seven rounds of ammunition (as recited in Count One), the Smith and Wesson semi-automatic pistol (as recited in Count Two), and the three boxes of .22 caliber Remington ammunition (as recited in Count Three), all of which were seized in Wilmington, Delaware on or about February 18, 2007. The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation

of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate.

6. The defendant agrees to pay the $300 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. As stated in paragraph one, the defendant reserves the right as part of this conditional guilty plea to appeal the denial of his amended suppression motion, Docket Item 14 in the above case. Also, the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance. Otherwise, the defendant knows that he has, and voluntarily waives, the right to file an appeal on any other claim or issue, any collateral attack, and/or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The United States Attorney reserves the right to defend any ruling of the District Court.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edson Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____  7-25-07
Robert J. Prettyman
Assistant United States Attorney

_____
Robert Cottman, III
Defendant

Dated:

**AND NOW**, this 30 day of July, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware

5